WASHINGTON E. HALL, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendant in Error.

An indictment for a willful neglect of duty by the accused as an inspector of election in the city and county of New York, charged that he and his associates had been "duly and lawfully designated and appointed and qualified" as inspectors; that they "then and there were" such inspectors and acted as such. *Held*, that the indictment sufficiently showed that all the essentials required by the statute (Chap. 675, Laws of 1872) had been complied with to make the accused an inspector; that it was not necessary to allege specifically that he took the oath of office and received a certificate of his appointment.

The indictment alleged that the accused and his associate inspectors made and completed a canvass of the votes cast, and made "triplicate statements of the result of such canvass and estimate of such votes and bal-

lots' so cast," and after pasting and attaching the sample ballots, signing the statement and adding their certificate, delivered it to the proper authority ; that they did not perform the duty imposed upon them, of stating in words, at full length, opposite each ballot attached, written partly on the ballot and partly on the statement, the whole number of such ballots cast. It was claimed on the part of the accused that the indictment was defective in not alleging that the statement had a caption as required by the statute, also in not reciting the contents of the certificate attached. *Held* untenable.

The election was for aldermen ; it was claimed that the law under which the election was held was unconstitutional, as it did not permit each voter to vote for all the aldermen to be elected ; that, therefore, there was no election, and no crime was committed. *Held* untenable ; that the inspectors could not excuse their violation of duty by questioning the constitutionality of the statute.

(Argued November 24, 1882 ; decided December 12, 1882.)

Error to the General Term of the Supreme Court, in the first judicial department, to review judgment entered upon an order made October 28, 1881, which affirmed a judgment of the Court of Oyer and Terminer in and for the city and county of New York, entered upon a verdict convicting the plaintiff in error of willful neglect of duty as an inspector of election.

The facts pertinent to the questions discussed are stated in the opinion.

*William F. Howe* for plaintiff in error. The indictment fails to charge any offense under the statute. (Laws of 1872, chap. 675, § 13.) The indictment fails to show that the defendant's omission was in a statement as provided by statute. (Laws of 1872, chap. 675, § 54; *People* v. *N. Y. C. R. R. Co.*, 5 Park. 195 ; *Comm.* v. *Miller*, 2 Pars. 481 ; 1 Whart. Crim. Law [7th ed.], §§ 430, 431, 435.) The statute under which the aldermen were to be elected is unconstitutional. (State Const., § 1 of art. 2; *People* v. *Perley*, 80 N. Y. 624.)

*John Vincent* for defendant in error.

Finch, J. The plaintiff in error was indicted for a willful neglect of duty as an inspector of election in an election district

in the city and county of New York, in failing to state in words at full length, upon the statement of the result of the election the number of ballots of each kind that were received. He was convicted and sentenced, and, after affirmance by the General Term, brings a writ of error to this court.

He assails the indictment upon the ground that it fails to show that he was an inspector of election, because it does not allege that he took the oath of office and received a certificate of his appointment. The allegations are, that the accused and his associates had been "duly and lawfully designated, and appointed and qualified" as such inspectors; that they "then and there were" such inspectors, and that they acted as such. These allegations are quite sufficient. That they were lawfully "qualified" and actually were inspectors implies that all the essentials to their being such had been complied with. The statute provides (Laws of 1872, chap. 675), that inspectors of election shall be "selected and appointed" by the board of police; that those thus chosen shall be "citizens of the United States and of the State of New York, of good character, and able to read, write and speak the English language understandingly," qualified voters and not candidates at the election; that those selected shall be notified, examined as to their qualifications, and, if approved, shall take the prescribed oath of office, and that "whoever shall be nominated, approved, and sworn into office as an inspector of election shall receive a certificate of appointment from the board of police." (§ 13.) All these details, except the certificate, are descriptive of the mode of appointment, and the certificate is provided as the official evidence of the accomplished fact. The averments of the indictment covered them all. It alleged that the inspectors were duly designated, duly appointed, and duly qualified. That involves their proper selection, their due approval, and that they qualified by taking the oath of office. It further alleged that they were inspectors and acted as such. It was not necessary to add specifically that they had received the evidence of their appointment.

It is further objected that the indictment fails to show that

the inspector's omission was in a statement as provided by statute.  In that respect the indictment alleges that the accused and his associate inspectors made and completed a canvass of the votes cast, and thereupon made "triplicate statements of the result of such canvass and estimate of such votes and ballots so cast" and which showed "what purported to be the whole number of votes and ballots so cast," and after pasting and attaching the sample ballots, and signing the statement and adding their certificate delivered it to the proper authority.  It is further averred that upon this statement so made and delivered it was the duty of the inspectors to state in words at full length opposite each ballot attached, and written partly on such ballot and partly on such statement, the whole number of such ballots cast, which duty was not performed.  It is urged, however, that the statement required by the statute must have a specified caption and end with a prescribed certificate; that the statement mentioned in the indictment was not described as having a caption, and although a certificate in due form of law was alleged to have been attached yet its contents were not recited; and, therefore, the statement pleaded was not the statement dictated by the statute.  Quite enough was pleaded to show that it was.  It was made, certified and delivered as the result of the canvass, and was none the less so because it may have had other defects and omissions besides the specific one pleaded in the indictment; and the suggestion that the inspectors may have delivered a proper statement, together with the one complained of, is fairly answered by the reply that they were at liberty to prove such fact if it was true.

The election was for aldermen.  It is further said that the statute under which the aldermen were elected was unconstitutional, because out of the three aldermen to be elected in each senate district each voter could vote only for two, and out of six aldermen at large could vote for only four.  The inference sought to be drawn that, therefore, no aldermen were to be elected, and so no crime was committed, does not follow.  The inspectors had a specific duty to perform in honestly counting and returning the vote, and they cannot excuse their violation

of the duty which they undertake by sitting in judgment upon the constitutionality of statutes. The votes were there; they had been cast by qualified voters; they were in favor of certain persons for the office of alderman; those persons and the public had a right to a true count and return; and the ultimate consequences did not at all concern the inspectors, or excuse them for perpetrating a fraud.

We discover no reason for disturbing the judgment against the accused, and it should be affirmed.

All concur, except TRACY, J., absent.

Judgment affirmed.