(28 App. Div. 491.)

### DOWNEY v. TURNER.

(Supreme Court, Appellate Division, Second Department.　April 19, 1898.) ·

ACTION FOR COMMISSION—PLEADING.

In an action by a real-estate broker for commissions, the complaint assumed to set forth two causes of action, the first alleging the contract between the parties providing for a commission for leasing and a commission for selling the property in question, and the fact of a leasing procured through plaintiff, while the second merely alleged that the tenant thus procured also took at the same time, and subsequently exercised, an option to buy. *Held* that, while it was very doubtful whether the so-called "second cause of action" stated sufficient facts by itself to constitute a cause of action, yet, as all the allegations of the complaint might be taken together, as stating only one cause of action for two commissions growing out of the contract of brokerage, the motion to dismiss the second cause of action was properly denied.

Appeal from trial term, Westchester county.

Action by Henry B. Downey against Elizabeth Turner. From a judgment entered on a verdict, defendant appeals.　Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

Louis Wertheimer, for appellant.
Arthur Ludlow Clark, for respondent.

WILLARD BARTLETT, J.　There is no notice of appeal from the order denying the defendant's motion for a new trial, and therefore we cannot consider any question as to the weight of evidence.　The complaint assumes to set out two causes of action.　Under the first alleged cause of action, it is averred that the plaintiff was employed by the defendant to lease or sell certain real estate belonging to her at New Rochelle, for which services the defendant agreed to pay a commission of 2½ per cent. upon the rental, and the same commission upon the purchase price of the premises, if the plaintiff should procure a purchaser.　It is further alleged as a part of the first alleged cause of action that the plaintiff procured a tenant for the premises for one year, at a rental of $660.　There is also a claim in the same part of the complaint of $2 for drawing the lease.　In the second alleged cause of action it is alleged that the tenant, at the time of renting the premises, required a covenant to be inserted in the lease giving him the privilege of purchasing the property, at any time during the existence of the lease, for $8,500; that said condition was duly inserted; and that, subsequently, during the term, the tenant bought the prop-

erty at the agreed price, whereby the plaintiff became entitled to his commission of 2½ per cent. The plaintiff prevailed upon the trial, and the defendant appeals.

The first point made in behalf of the appellant is that the trial judge erred in denying a motion made at the beginning of the trial to dismiss the second cause of action. I think it very doubtful whether that part of the complaint which is designated as a second cause of action really states sufficient facts in and of itself to constitute a cause of action against the defendant. It seems to me, however, that the complaint really states only one cause of action, growing out of the contract of brokerage between the defendant and the plaintiff; the averments in the "first cause of action," so called, showing that the plaintiff had earned the agreed commission upon the rental, and the averments in the so-called "second cause of action" showing that he had earned the agreed commission upon the sale of the premises. In this view of the pleading, the refusal to dismiss the so-called "second cause of action" was proper.

The motion to dismiss the second cause of action was renewed when the plaintiff rested, and was again denied. Under the appellant's second point, it is argued that this was error because there was no testimony to show that the plaintiff ever attempted to sell the premises for the defendant. Proof to that effect, however, may be found at several places in the record.

The third and fourth points relate to rulings as to the admissibility of evidence, both of which were plainly right.

Under the fifth point, it is contended that the verdict was, in any event, too large by the sum of $37. This proposition seems to be correct. Although the price stated in the lease as that at which the lessee might purchase was originally $8,500, it was changed to $7,500 before the lease was executed; and was finally reduced to $7,000, which the lessee testified was the actual price paid. The amount of the verdict, however, shows that the commissions were calculated on $8,500, instead of $7,000; but there is no exception raising any question as to this amount; and, as the defendant has not appealed from the order denying her motion for a new trial, I do not see how this court can correct the error.

Judgment affirmed, with costs. All concur.