MARY A. BAXTER, Appellant, *v.* WILLIAM K. LANCASTER and JENNIE C. RYAN, Respondents.

*Action against sureties on an undertaking given on an appeal to the Court of Appeals — allegations of the complaint authorizing proof that the judgment of the Court of Appeals was made the judgment of the Supreme Court.*

An order of the Court of Appeals affirming a judgment of the Appellate Division, with costs, is not of itself sufficient to create a liability upon the part of the sureties on the undertaking given on the appeal to the Court of Appeals, but there must also be an order of the Supreme Court making the judgment of the Court of Appeals the judgment of the Supreme Court and adjudging that the respondent on the appeal to the Court of Appeals is entitled to a definite amount of costs.

A complaint in an action brought to recover upon such an undertaking, which alleges that the Court of Appeals affirmed the order appealed from, with costs, and that a specific sum was "duly awarded as costs and disbursements on said appeal to the Court of Appeals, in favor of the above-named plaintiff against the appellant on said appeal," is sufficient to entitle the plaintiff to prove that, after the affirmance of the order by the Court of Appeals, the matter was remitted to, and made the judgment of, the Supreme Court by an order duly entered, and that the costs were there taxed according to law.

APPEAL by the plaintiff, Mary A. Baxter, from a final judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 7th day of

December, 1900, with notice of an intention to bring up for review an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in said clerk's office on the 7th day of June, 1900, upon the decision of the court rendered after a trial at the New York Special Term sustaining a demurrer to the complaint.

*Barclay E. V. McCarty*, for the appellant.

*Joseph A. Flannery*, for the respondents.

McLAUGHLIN, J.:

This is an appeal from a final judgment, entered upon an interlocutory judgment, sustaining a demurrer to the complaint, upon the ground that it does not state facts sufficient to constitute a cause of action.

It appears from the allegations of the complaint that the action is brought upon an undertaking given by the defendants on appeal in a special proceeding to the Court of Appeals. The complaint alleges the pendency of the special proceeding; the order made by the Special Term; the affirmance by this court; the appeal to the Court of Appeals; the giving of the undertaking by the defendants, a copy of which is annexed to and made a part of the complaint, and the affirmance of the order made by this court by the Court of Appeals, and then alleges: "*Fourth.* That by an order of the Court of Appeals duly made on or about the 5th day of December, 1899, the said order appealed from was affirmed, with costs, and the sum of One hundred and thirty-two and 37/100 ($132.37) dollars, was, on or about the 14th day of December, 1899, duly awarded as costs and disbursements on said appeal to the Court of Appeals, in favor of the above-named plaintiff against the appellant on said appeal, Bernhard Schweizer, and that no part of said sum has been paid."

The question presented is whether the allegation of the complaint quoted is sufficient to admit proof upon the trial of the action, that the necessary steps were taken after the affirmance of the order by the Court of Appeals, to procure a judgment for costs upon that appeal. The order of the Court of Appeals, affirming the order of this court, with costs, is not, in and of itself, sufficient to subject the defendants to a liability under the undertaking. There must

be, in addition to this, an order of the Supreme Court making the judgment of the Court of Appeals the judgment of the Supreme Court, and adjudging that the respondent on appeal to the Court of Appeals is entitled to a definite amount of costs, fixed and determined in the judgment. Until this has been done, there can be no award of costs, and until there has been an award of costs, no liability has been incurred by the defendants under the undertaking signed by them, and before the plaintiff can recover these facts must be established upon the trial.

But we are of the opinion that the allegations of this complaint are sufficient to admit proof of such facts. The plaintiff in her complaint alleges that the sum of $132.37 was " duly awarded as costs and disbursements" to her. The word "duly" means "according to law." (*Brownell* v. *Town of Greenwich*, 114 N. Y. 518, 527; *Rockwell* v. *Merwin*, 45 id. 166; *Gibson* v. *People*, 5 Hun, 543; *People ex rel. Hawes* v. *Walker*, 23 Barb. 304.)

If this determination had been made in a court of special jurisdiction the allegation would have been sufficient to have permitted the introduction of the necessary proof to have established the facts under the provisions of section 532 of the Code of Civil Procedure. This section provides that in pleading a judgment or other determination of a court or officer of special jurisdiction, it is not necessary to state the facts conferring jurisdiction, but the judgment or determination may be stated to have been duly given or made. If that allegation is controverted, the party pleading must, on the trial, establish the facts conferring jurisdiction. This provision of the Code was evidently enacted for the express purpose of establishing, as to courts of special jurisdiction, the rule which has always existed as to courts of general jurisdiction, and when it is alleged that in a court of general jurisdiction a judgment or determination was " duly made," that necessarily involves the conclusion that all of the legal steps were taken requisite and necessary to that result. For these reasons we are of the opinion that the allegations of the complaint are sufficient to enable the plaintiff to prove that after affirmance of the order by the Court of Appeals the matter was remitted to and made the judgment of the Supreme Court by an order duly entered, and that the costs were there taxed according to law, and, therefore, the judgment appealed from must be reversed, with costs, with per-

mission, however, to the defendants to withdraw their demurrer and interpose an answer on payment of costs in this court and in the court below.

VAN BRUNT, P. J., RUMSEY, PATTERSON and O'BRIEN, JJ., concurred.

Judgment reversed, with costs, with leave to defendant to withdraw demurrer and answer on payment of costs in this court and in the court below.