(70 App. Div. 435.)

CLEMENS v. AMERICAN FIRE INS. CO. OF PHILADELPHIA, PA.

(Supreme Court, Appellate Division, Fourth Department.   March 11, 1902.)

1. FIRE POLICY—CONDITIONS PRECEDENT—PROOFS OF LOSS—SUFFICIENCY OF
ALLEGATIONS.

In an action on a fire policy, an allegation in the complaint that plain-
tiff filed a complete inventory of the property destroyed and injured, with
the quantity and cost of each article, and the amount claimed thereon,
which inventory ever since had been, and still was, in the possession of
the company, was not sufficient, as a specific allegation that the requisite
proofs of loss were filed, where a copy of the policy was annexed and
specified in detail what the proofs of loss should contain, and the in-
ventory alleged failed materially to comply with such requirements.

2. SAME—GENERAL ALLEGATION.

The defect was not cured by the general allegation under Code Civ.
Proc. § 533, which provides that, in pleading the performance of a con-
dition precedent, it is not necessary to state the facts constituting per-
formance, but the party may state generally that he has "duly per-
formed all the conditions"; the word "duly" being omitted.

3. SAME—ALLEGING MATURITY OF POLICY.

An allegation that 60 days had elapsed after proofs of loss were re-
ceived by defendants before the action was commenced was necessary,
where the policy specifically provided that the loss should not be payable
until after 60 days, and that no suit should be sustainable until full
compliance with all the requirements of the policy.

Appeal from special term, Erie county.

Action by John Clemens against the American Fire Insurance Com-
pany of Philadelphia, Pa.   Judgment sustaining a demurrer to the
complaint, and plaintiff appeals.   Affirmed.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK,
and DAVY, JJ.

Phillip V. Fennelly, for appellant.
Seward A. Simons, for respondent.

WILLIAMS, J.   The judgment appealed from should be affirmed,
with costs.

The action was brought upon a policy of insurance, to recover for
the loss of household furniture destroyed by fire.   The demurrer was
upon the ground that the complaint did not state facts sufficient to con-
stitute a cause of action.   The particular points made were (1) that
there was no sufficient allegation of the rendering of proofs of loss
to the defendant pursuant to the terms of the policy; (2) that there
was no allegation that 60 days had elapsed after the proofs of loss
were received by the defendant before the action was commenced.
These were conditions precedent to a right to recover in the action.

There was no specific allegation as to rendering proofs of loss, ex-
cept that the plaintiff filed a complete inventory of the property de-
stroyed and injured, with the quantity and cost of each article, and
the amount claimed thereon, which inventory ever since had been,
and still was, in the possession of the defendant.   The policy, a copy
of which was annexed to the complaint, specified in detail what the
proofs of loss should contain, and the inventory alleged failed very
materially to comply with the provision of the policy.   It failed to
furnish anything like the amount of information required by the specifi-

cations as to the proofs of loss. If it had been alleged that this inventory was rendered as the proofs of loss, and that it had been received and retained by the defendant without objection, and that the defendant had required no further or other proofs of loss to be furnished, it might have been sufficient. But the allegation of the complaint fell far short of this. It was manifestly insufficient as a specific allegation and performance of this condition precedent to the right to recover. Nor was this defect cured by the general allegation under section 533, Code Civ. Proc., which provides:

"In pleading the performance of a condition precedent in a contract, it is not necessary to state the facts constituting performance; but the party may state generally that he or the person whom he represents, duly performed all the conditions on his part. If that allegation is controverted, he must, on the trial, establish performance."

The word "duly" was omitted from the complaint, and there was therefore a failure to comply with the section quoted, and plaintiff was entitled to no benefit thereunder. The word "duly" in this and other like provisions of the Code has been held to be one of substance, and not of form, merely. Les Successeurs D'Arles v. Freedman, 53 N. Y. Super. Ct. 519; Baxter v. Lancaster, 58 App. Div. 380, 68 N. Y. Supp. 1092; People v. Bacon, 37 App. Div. 414, 55 N. Y. Supp. 1045; Tuttle v. Robinson, 91 Hun, 189, 36 N. Y. Supp. 346; Brownell v. Town of Greenwich, 114 N. Y. 518, 22 N. E. 24, 4 L. R. A. 685.

There was no allegation in the complaint that 60 days had elapsed since the proofs of loss were received by the defendant, before the action was commenced. Such an allegation was necessary. Porter v. Kingsbury, 5 Hun, 598; Id., 71 N. Y. 588; Reining v. City of Buffalo, 102 N. Y. 312, 6 N. E. 792. In the first case it was held that a complaint in an action upon an undertaking upon appeal given pursuant to section 348 of the old Code, which failed to allege service of notice on the adverse party of the entry of the order or judgment affirming the judgment appealed from, 10 days before the commencement of the action, was defective; that the notice was a condition precedent to the commencement of the action, and in the absence of the allegation the complaint did not state a cause of action. The Code prohibited the commencement of the action until 10 days after the service of the notice. In the other case it was held necessary to allege in the complaint in an action against the city for a tort the presentation of the claim to the common council, and the expiration of 40 days thereafter before the commencement of the action; that the provision of the charter requiring such presentation of claim, and prohibiting the bringing of the action until 40 days had elapsed, created a condition precedent. The court there said, in referring to Porter v. Kingsbury:

"There the act required to be performed constituted no part of the cause of action, but was provided, as in this case, to shield the parties liable from cost and trouble, in case of their willingness to pay the claim without suit, after notice given. It is immaterial whether the condition be imposed in the statute giving the right of action, or be provided by contract, or exists by some principle of common or statute law; the complaint must, by the settled rules of pleading, state every fact essential to the cause of action, as well as those necessary to give the court jurisdiction to entertain the particular proceeding."

In the case we are considering it was specifically provided by the policy that the loss should not become payable until 60 days after proofs of loss were received by the company, and that no suit should be sustainable upon any claim until after full compliance with all requirements in the policy. The rule laid down in the cases cited is applicable to this case.

The views here expressed lead to the conclusion that the judgment should be affirmed, with costs.

Interlocutory judgment affirmed, with costs, with leave to plaintiff to plead over upon payment of costs in court below and upon this appeal within 20 days. All concur.