## SCHLIEDER v. WELLS et al.

(Supreme Court, Appellate Division, First Department. July 12, 1906.)

**1. GUARDIAN AND WARD—ACTION BY GUARDIAN.**

Where a cause of action exists directly in favor of an infant, the action should be brought by a guardian ad litem, and not by the infant's general guardian, unless the latter is entitled to sue as trustee of an express trust.

**2. SAME—PLEADING—ALLEGATION OF APPOINTMENT.**

Where plaintiff sued as general guardian of an infant, an allegation that he was duly appointed as such by an order of the Surrogate's Court of U. County amounted to an allegation that he was appointed according to law, and was therefore sufficient.

[Ed. Note.—For cases in point, see vol. 25, Cent. Dig. Guardian and Ward, § 442.]

**3. PLEADING—SEPARATE CAUSES OF ACTION.**

Where separate causes of action are alleged in a complaint, each must contain in itself a statement of facts which would entitle plaintiff to recover thereon, though one separate cause of action may be made effective by incorporating therein by general averment, without literal repetition, the facts set forth in another or preceding cause of action.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 112.]

**4. PARTIES—CAPACITY TO SUE—TRUSTEE OF AN EXPRESS TRUST.**

Where plaintiff, as the general guardian of an infant, loaned certain of the infant's funds to defendants, taking from them a note and certain stock as collateral, and, at the special instance and request of defendant D., plaintiff delivered the collateral to him to sell for not less than the amount of the loan, after which D., pursuant to a conspiracy with the other defendants, converted the collateral, plaintiff was entitled to sue on the note, and to have the collateral or its proceeds declared a trust fund for plaintiff's benefit, as trustee of an express trust.

**5. TRUSTS—CONSTRUCTIVE TRUSTS—ACCOUNTING—ACTION.**

A complaint alleging such facts stated a cause of action for an accounting.

**6. PLEADING—DEMURRER—CAUSES OF ACTION—JOINDER.**

Where a complaint purported to state three causes of action, but in fact stated but a single cause of action inartificially, it was not demurrable for misjoinder of causes of action.

Appeal from Special Term, New York County.

Action by Albert H. Schlieder, as general guardian of the person and property of Evanita S. Schlieder, against George W. Wells, impleaded with Henry J. Dexter and others. From an interlocutory judgment overruling a demurrer to the complaint, defendant Dexter appeals. Affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, McLAUGHLIN, LAUGHLIN, and CLARKE, JJ.

Frank H. Edmunds, for appellant.

O. B. Gould, for respondent.

PATTERSON, J. This is an appeal from an interlocutory judgment overruling the demurrer of the defendant Wells to the complaint herein. The grounds of the demurrer are: That the plaintiff has not legal capacity to sue, in that as general guardian he has no right or power to sue, and that suit can only be brought by a guardian ad litem; that the plaintiff has not legal capacity to sue as general guardian upon an instrument in writing, which is set forth in the complaint,

that plaintiff has not legal capacity to sue as general guardian, because there is no sufficient allegation of his appointment or qualification as such; that several causes of action have been improperly united, one being a money demand on contract, the second a claim in tort to recover for conversion of personal property, and the third a claim in tort to recover for a conspiracy òr conversion of personal property; that each of the several causes of action specifically pleaded as such does not state facts sufficient to constitute a cause of action.

Concerning the grounds which relate to the plaintiff's legal capacity to sue as general guardian, we think the demurrer was properly overruled, in view of the peculiar facts and circumstances set forth in the complaint. It is undoubtedly the rule that, where a cause of action exists directly in favor of an infant, the action should be brought through a guardian ad litem; but there are cases, and this we think is one of them, in which the general guardian may sue as the trustee of an express trust ('Thomas v. Bennett [General Term, Supreme Court, 5th Dist.] 56 Barb. 197; Bayer v. Philips [General Term, Supreme Court, First Dept.] 10 Civ. Proc. R. 227), and the allegation of the plaintiff's appointment as general guardian, as made in the complaint, is sufficient, for it is therein stated that he was duly appointed such by an order of the Surrogate's Court of Ulster county, and that means that he was appointed according to law (Baxter v. Lancaster, 58 App. Div. 382, 68 N. Y. Supp. 1092; Rockwell v. Merwin, 45 N. Y. 166). But the complaint as drawn purports to set forth three separate and distinct causes of action, although it is obvious from the facts stated that there is but a single cause of action, if any, existing in favor of the plaintiff. It is the rule that each cause of action should contain in itself a statement of facts which would entitle the plaintiff to recover upon it (Wallace v. Jones, 68 App. Div. 192, 74 N. Y. Supp. 116), although one separate cause of action may be made effective by incorporating in it by general averment, without literal repetition, the facts set forth in another or preceding cause of action.

The complaint before us is very inartificially drawn, and is a conspicuous example of the worst kind of pleading. Three separate causes of action do not exist in favor of the plaintiff, but, taking all the facts as they are recited in the three so-called causes of action combined, a prima facie case is made out. Those allegations, in effect, are that the plaintiff, suing as general guardian and trustee of an express trust, had in his hands the sum of $2,100, which he gave into the possession of the defendants, receiving from them a promissory note in the form of a stock collateral security note, with a pledge of bonds as collateral; that the defendants knew that the money was trust money, and that the bonds were delivered to the plaintiff as collateral security for the return of the money; that at the special instance and request of the defendant Dexter, acting for himself and the other defendants, including this demurrant, the plaintiff delivered the bonds to Dexter, acting for the other defendants, to sell for the account and benefit of the plaintiff and the defendants for a sum not less than $2,100; that in delivering the bonds to the defendants the plaintiff was acting under the advice of the defendant Dexter, who was his attorney and counsel; that Dexter gave that advice in pursuance of a plan or conspiracy on

the part of himself and the other defendants to obtain possession of the bonds from the plaintiff; that the money has not been repaid to the plaintiff, the note being long past due, and the plaintiff has demanded the return of the bonds from the defendants; that the same have not been returned, but have been converted by the defendants to their own use and benefit, or that they are now held by them in trust; that the plaintiff has demanded from the defendants a statement or information as to whether or not the bonds have been sold, and, if so, the amount of the proceeds thereof, and has been unable to obtain from them any statement or information, and the plaintiff demands judgment that the sum of $2,100 and interest be adjudged a trust fund in the hands of the defendants, and that they be required to account therefor, or, if the bonds have been sold, to account to the plaintiff for the proceeds thereof, or judgment against each of them for the sum of $2,100 and interest, and for such other or further relief as the plaintiff may be entitled to against the defendants, jointly or severally.

These facts set forth in the complaint are sufficient to state a cause of action against the defendants, at least for an accounting. That they are inartificially stated, and separated into various causes of action, does not make the whole complaint demurrable on the ground that causes of action are improperly united therein. Jackson v. Brown, 74 Hun, 25, 26 N. Y. Supp. 156; Downey v. Turner, 28 App. Div. 491, 51 N. Y. Supp. 105. This question was before us in the case of Waite v. Sabel, 44 App. Div. 634, 62 N. Y. Supp. 419, affirming an interlocutory judgment overruling a demurrer upon the opinion of the court at Special Term, in which it is said that separate causes of action or defenses, if stated in paragraphs separately numbered, are sufficient; but the statement of facts in separately numbered paragraphs, or alleged by mistake as separate causes of action, does not vitiate the pleading if but a single cause of action or defense is in fact pleaded. Notwithstanding the very objectionable way in which this complaint is drawn, we think that one cause of action exists, and that it may be spelled out of the pleading.

The interlocutory judgment should be affirmed, with costs, with leave to the defendant to withdraw the demurrer, and to answer on payment of costs in this court and in the court below. All concur; McLAUGHLIN, J., in result.