tion of that amount to the client's indebtedness was not such misconduct as would justify the court in disciplining the attorney, and therefore this proceeding will be dismissed.

FEUERSTEIN v. GERMAN UNION FIRE INS. CO. OF BALTIMORE.

(Supreme Court, Appellate Division, First Department.   December 16, 1910.)

INSURANCE (§ 634*)—FIRE INSURANCE—ACTION—PERFORMANCE OF CONDITIONS —SUFFICIENCY OF ALLEGATIONS.

An allegation, in an action on a fire policy, that plaintiff had "complied with each and every one of the terms, conditions, and agreements of the said policy on his part to be kept and performed," is not equivalent to an allegation that he "duly" performed all conditions, etc., as permitted by Code Civ. Proc. § 533, permitting one in pleading the performance of the conditions precedent to a contract, to state generally that he duly performed all the conditions on his part, without alleging the facts constituting performance.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1593–1608; Dec. Dig. § 634.*]

Appeal from Trial Term, New York County.

Action by Herman Feuerstein against the German Union Fire Insurance Company of Baltimore.  From a judgment for plaintiff, and an order denying a motion to set aside the verdict and for a new trial, defendant appeals.  Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Arnold L. Davis, for appellant.
I. Gainsburg, for respondent.

SCOTT, J.  Defendant appeals from a judgment entered upon a directed verdict, and from an order denying a motion for a new trial. The action is upon a policy of fire insurance.  The policy was in the usual New York standard form, and was dated December 4, 1908.  It is said that a fire occurred by which plaintiff suffered loss some time in April, 1909, although there was no proof of that fact on the trial.

The defendant appellant suggests several errors in the record, for which, as it claims, the judgment should be reversed.  It will not be necessary to consider them all.  Under this policy, as is usual, there are enumerated several conditions precedent to be performed by an insured in order to entitle him to recover upon the policy, and his performance, being essential to his cause of action, must be pleaded.  Under our practice the pleader may either allege in detail the performance of each condition precedent, or may allege generally that the plaintiff has duly performed all of the conditions upon his part.  Section 533, Code Civ. Proc.  In the present case the plaintiff did neither. He does allege that he complied with each and every one of the terms, conditions, and agreements of the said policy on his part to be kept and performed; but this is not equivalent to an allegation that he duly

performed. Clemens v. Am. Fire Ins. Co., 70 App. Div. 435, 75 N. Y. Supp. 484; Hilton & Dodge Lumber Co. v. Sizer, 137 App. Div. 661, 122 N. Y. Supp. 306.

A motion to dismiss the complaint upon this ground was made at the opening of the trial, and denied. It should have been granted. Not only did the plaintiff fail to effectually allege performance of the conditions precedent, but he failed to offer any proof thereof upon the trial, and especially failed to prove that he had given defendant immediate and timely notice of the loss. There was no proof offered on the trial that there had been a fire, or a loss. A paper was introduced in evidence, called a "proof of loss," which had been sent to defendants some time after the fire. It was defectively verified, and, while it may have satisfied the requirements of the policy that proof of loss should be furnished, it certainly did not constitute legal evidence of loss in an action upon the policy. A paper was also allowed to be introduced, purporting to be an adjustment of the loss, signed by two gentlemen, said to constitute some sort of a committee of fire underwriters. There was no evidence that these gentlemen had any authority to represent or bind the defendant; indeed, the evidence was all to the contrary. The plaintiff, therefore, completely failed to prove any fact necessary to the recovery of a judgment, except that a policy had been issued to him by defendant.

It follows that the judgment and order appealed from must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.