(152 App. Div. 566.)

PEOPLE v. YARTER.

(Supreme Court, Appellate Division. Third Department. September 11, 1912.)

1. INTOXICATING LIQUORS (§ 154*)—LOCAL OPTION LAW—ELECTION—RESULT —HOTEL KEEPER—LIQUORS NOT TO BE DRUNK ON PREMISES—SALE.

Liquor Tax Law (Laws 1896, c. 112) § 13, provides for the submission to vote of four questions: (1) Authorizing the sale of liquor to be drunk on the premises where sold; (2) selling liquor not to be drunk on the premises where sold; (3) selling liquor as a pharmacist on a physician's license; (4) selling liquor by hotel keepers only. The section also declares that if the majority of the votes shall be in the negative no person shall thereafter so traffic in liquors, or receive a liquor tax certificate under the subdivisions of section 8, referred to in the questions on which the majority of the votes cast shall have been cast in the negative. Held that, where the vote on question 2 so submitted was in the negative, but in the affirmative as to question 4, a hotel keeper, having obtained a license to traffic in liquors under such vote, subsequent to the passage of Laws 1910, c. 485, and since the amendment of section 13 by Laws 1897, c. 312, § 7, repealing so much of section 13 as previously authorized a hotel keeper to sell liquors to be drunk off the premises, had no right to sell liquors to be so drunk, which sale constituted an indictable violation of the act.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 168; Dec. Dig. § 154.*]

2. INDICTMENT AND INFORMATION (§ 63*)—LOCAL OPTION QUESTIONS—SUBMISSION—"DULY SUBMITTED."

An indictment for violation of the local option law, alleging that the four questions provided by Liquor Tax Law (Laws 1896, c. 112) § 13, were "duly submitted," was sufficient without expressly alleging various preliminary steps requisite to the legal submission of such questions; the terms "duly submitted" implying the existence of every fact essential to the proceedings.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 185; Dec. Dig. § 63.*]

Appeal from Washington County Court.

Levi Yarter, Jr., was indicted for violating the Liquor Tax Law, and from an order sustaining a demurrer to the indictment the People appeal. Reversed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Erskine C. Rogers, of Hudson Falls, for appellant.
Jere M. Cronin, of Glens Falls, for respondent.

LYON, J. This is an appeal from a judgment allowing a demurrer to an indictment which charged defendant, who was a hotel keeper in the town of Hartford, Washington county, with having, in October, 1911, unlawfully trafficked in liquor, no part of which was to be drunk on the premises where sold. At a preceding town meeting the vote upon local option had resulted in the negative as to questions 1, 2, and 3, and in the affirmative as to question No. 4. The vital question involved upon this appeal is whether the respondent, who was the holder of a liquor tax certificate is-

sued, under subdivision 1 of section 8, to a person in connection with the business of keeping a hotel, was authorized to traffic in liquors not to be drunk on the premises where sold, when the majority of the votes cast upon the second question was in the negative. While the vote was against question No. 1, as to the selling of liquor to be drunk on the premises where sold, and also against question No. 2, as to the selling of liquor not to be drunk on the premises where sold, yet the affirmative vote upon question No. 4 modified the negative decision upon question No. 1, as to selling liquors to be drunk on the premises where sold, by reason of the condition contained in question No. 4, "if the majority of the votes cast on the first question submitted are in the negative," to the extent of permitting liquor to be sold, to be drunk on the premises where sold, in connection with the business of keeping a hotel; but, question No. 4 containing no such condition as to question No. 2, said vote in no way whatever modified the negative decision as to question No. 2, as to selling liquors not to be drunk on the premises where sold.

But it is claimed by respondent that he had the right to traffic in liquors not to be drunk on the premises where sold by reason of the following provision of subdivision 1 of section 8: "The holder of a liquor tax certificate under this subdivision is entitled to traffic in liquors as though he held a liquor tax certificate under subdivision two of this section, subject to the provisions of section thirteen of this chapter." In section 13, entitled "Local option to determine whether liquor shall be sold under the provisions of this chapter," we find this provision: "If the majority of the votes shall be in the negative * * * no person shall thereafter so traffic in liquors or apply for or receive a liquor tax certificate under the subdivision or subdivisions of section eight, referred to in the question or questions upon which * * * the majority of the votes cast shall have been cast in the negative." Subdivision 2 of section 8 was referred to in question 2 as follows: "Shall any person be authorized to traffic in liquors under the provisions of subdivision two of section eight of the liquor tax law, namely, by selling liquor not to be drunk on the premises where sold?" The vote upon question 2 having been in the negative, the above-quoted provision of section 13 constituted a positive restriction of the right of the respondent to traffic in liquors under subdivision 2 of section 8, and negatived any right which respondent might claim to have to traffic in liquors by reason of the provisions of subdivision 1 of section 8, hereinbefore quoted. Prior to the passage of chapter 485 of the Laws of 1910, and since the amendment of section 13, then section 16, by chapter 312 of the Laws of 1897, the keeper of a hotel, who was the holder of a liquor tax certificate, had the right to traffic in liquors to be drunk in the hotel, and also off the premises, by reason of the following provision of section 13: "But if the majority of the votes cast on the fourth question submitted is in the affirmative, and a majority of the votes cast on the first question submitted is not in the affirmative, a liquor tax certifi-

cate may be granted under subdivision one of section eight to the keepers of hotels, who may traffic in liquor to be drunk in the hotel and off the premises, though the majority of the votes cast on the second question submitted is not in the affirmative." By chapter 485 of the Laws of 1910, which went into effect June 14th of that year, the Legislature repealed this provision of section 13, since which time there has been no provision of law authorizing the holder of a liquor tax certificate under subdivision 1 of section 8 to traffic in liquors in towns in which the majority vote on question No. 2 was in the negative, as though he held a liquor tax certificate under subdivision 2 of section 8. Attention may be called to the amendment of section 36 by chapter 485, Laws of 1910, by the insertion of the words, "by reason of the result of a vote on the local option questions," as further indicative of the intent of the Legislature.

[2] The objection that the indictment is defective upon the ground that it stated that the four questions were "duly submitted," instead of expressly alleging the various preliminary steps requisite to the legal submission of such questions, is without merit. The words "duly submitted" imply the existence of every fact essential to the regularity of the proceedings. Hall v. People, 90 N. Y. 498; Brownell v. Town of Greenwich, 114 N. Y. 518, 527, 22 N. E. 24, 4 L. R. A. 685; Baxter v. Lancaster, 58 App. Div. 380, 68 N. Y. Supp. 1092.

For the foregoing reasons, we are led to the conclusion that the facts stated in the indictment constituted a crime; and hence that the judgment allowing the demurrer should be reversed, the demurrer disallowed, and the defendant required to plead. All concur.