MARCUS CONTRACTING CO. v. WEINBROS REAL ESTATE CO.
(No. 5751.)

(Supreme Court, Appellate Division, First Department. May 15, 1914.)

CONTRACTS (§ 335*) — ACTIONS FOR BREACH — PLEADING — PERFORMANCE BY
PLAINTIFF.

The plaintiff, in an action for the amount under a contract for shoring
up a building, was required to allege performance on its part, either by al-
leging in detail what it had done, or by a general allegation, as permitted
by Code Civ. Proc. § 533, that it had "duly" performed all the conditions
on its part; and an allegation that it had "actually" performed was in-
sufficient, and the complaint failed to state a cause of action.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1664–1676;
Dec. Dig. § 335.*]

Appeal from Special Term, New York County.

Action by the Marcus Contracting Company against the Weinbros
Real Estate Company. From an order denying its motion for judg-
ment on the pleadings, the defendant appeals. Reversed, and motion
granted.

Argued before INGRAHAM, P. J. and McLAUGHLIN,
CLARKE, SCOTT, and HOTCHKISS, JJ.

Leo Levy, of New York City, for appellant.
Joseph Rubin, of New York City, for respondent.

SCOTT, J. The action is for the amount claimed to be due to
plaintiff under a contract for shoring up a building. In such an ac-
tion it is necessary that plaintiff should allege performance on its part.
This it might do either by alleging in detail what it had done under
the contract, or by adopting the more convenient method, authorized
by section 533, Code of Civil Procedure, of alleging that it had "duly"
performed all the conditions of the contract on its part. In the pres-
ent case the plaintiff has adopted neither method of pleading per-
formance, but has alleged that it did "actually" perform and carry
out all of the terms, covenants, and conditions in said agreement con-
tained on its part. This is not equivalent to an allegation that it "duly"
performed. Feuerstein v. German Union Fire Ins. Co., 141 App.
Div. 456, 126 N. Y. Supp. 201; Rosenthal v. Rubin, 148 App. Div.
44, 132 N. Y. Supp. 1053. The complaint, therefore, contains no
sufficient allegation of the performance on plaintiff's part, and con-
sequently fails to state a cause of action.

Order reversed, with $10 costs and disbursements, and motion grant-
ed, with $10 costs, with leave to plaintiff to amend its complaint within
20 days upon payment of such costs. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes