(164 App. Div. 155)

STOVER v. GAMEWELL FIRE ALARM TELEGRAPH CO. (No. 6268.)

(Supreme Court, Appellate Division, First Department. November 6, 1914.)

1. FRAUDS, STATUTE OF (§ 152*)—PLEADING.

The statute of frauds must be pleaded, and cannot be taken advantage of by demurrer.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 363–366, 371, 372; Dec. Dig. § 152.*]

2. CORPORATIONS (§ 449*)—CONTRACTS—VALIDITY.

Plaintiff, who was formerly the president of defendant corporation, during his incumbency of that office entered into an agreement that, in case his connection should be severed, he would not engage in a competing business during the next 10 years. Thereafter, pursuant to the agreement, the corporation contracted to pay plaintiff for the rest of his life a stipulated sum per year in case he severed his connection. *Held*, that the bare agreement of the president not to enter into competition was an unenforceable, unilateral contract, but the two agreements together constitute an enforceable contract; the agreement as to payments by the corporation not being ultra vires or contrary to public policy.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1786; Dec. Dig. § 449.*]

Appeal from Special Term, New York County.

Action by Joseph W. Stover against the Gamewell Fire Alarm Telegraph Company. From a judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Arnold L. Davis, of New York City, for appellant.

Allen S. Wrenn, of New York City, for respondent.

INGRAHAM, P. J. The complaint alleges that for a period of over 25 years, and until on or about the 20th of October, 1909, the plaintiff was in the employ of the defendant corporation as its president; that on or about the 20th of October, 1907, the defendant corporation and the plaintiff entered into an agreement in writing, a copy of which is annexed to the complaint; that the agreement recited that the plaintiff was the president of the defendant corporation and had acquired familiarity and experience with the business in which it is and has been engaged; that the corporation was desirous of "assuring unto itself" that said plaintiff, should his connection with said company be severed at any time thereafter, would not engage directly or indirectly in a business competing with that of said company; and that in consideration of $1, and of other good and valuable considerations, plaintiff covenanted and agreed that, should his employment by

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

said company be terminated at any time after the execution and delivery thereof, he would not, during the period of 10 years next succeeding after such date, directly or indirectly engage or become interested in the manufacture, use, or sale of municipal telegraph or signaling systems or apparatus, or in any enterprise competing with the business carried on down to the time of such severance of employment by said company. The complaint then alleged that at the time of entering into the agreement, and as part of the consideration therefor, it was further mutually covenanted and agreed between the parties to said agreement that, should the plaintiff's said employment by the said defendant company be in any way, at any time thereafter, severed, the defendant should pay to the plaintiff a money consideration to be fixed and determined at a subsequent date by the parties to said agreement; that thereafter, and pursuant to the conditions of said agreement, the plaintiff and defendant corporation did fix and determine the money consideration to be paid to the plaintiff by defendant under said contract at the sum of $5,000 per annum, payable in equal monthly installments of $466.66 each, to be paid to the plaintiff by the defendant company, commencing with the date of the severance of the plaintiff's said employment by the defendant, and to continue so long as the plaintiff should live; that thereafter, and on or about the 20th of October, 1909, said employment of the plaintiff by the defendant was severed, and that the installments which became due and payable from the termination of said employment up to and including the month of November, 1913, have been paid; that the plaintiff has duly performed to date all the terms and conditions of said agreement on his part to be performed; that there became due and payable to the plaintiff from the defendant, for the months of December, 1913, and January and February, 1914, the sum of $466.66 per month, no part of which has been paid; and the complaint then demands judgment for the three installments. The defendant demurred to the complaint, on the ground that the complaint does not state facts sufficient to constitute a cause of action, which demurrer was overruled at Special Term, and from the interlocutory judgment entered thereon the defendant appeals.

[1, 2] We agree with the Special Term that the statute of frauds, being an affirmative defense, is not available to defendant on demurrer to the complaint. The question presented, therefore, is whether the complaint states facts sufficient to constitute a cause of action. There is no allegation as to the age of the plaintiff, or how long the payment of $5,000 a year would under ordinary circumstances be expected to continue. The complaint alleges that the installments which became due and payable from the 20th of October, 1909, up to and including the month of November, 1913, for a period of four years, had been paid. The only consideration mentioned in the complaint for the making of this rather unusual contract to pay the plaintiff $5,000 a year during his life for no services rendered is the making of this agreement which is annexed to the complaint. This contract upon its face would be a unilateral contract. By it the defendant agreed to do nothing, assumed no obligation of any kind or

description; but plaintiff, being president of the defendant corporation, agreed that, should his employment by said company be terminated at any time after the execution and delivery thereof, he would not, during the period of 10 years next succeeding after such date, engage or become interested in any business which competed with the defendant corporation. When the contract was made, the plaintiff had been connected with the defendant for many years, and was, therefore, at that time familiar with all the secrets of the defendant's business, and with all of its customers and agents. It was a unilateral agreement not to engage in any competing business for 10 years next after the severance of his employment by the defendant, and it is plain upon the face of the agreement that it could not be enforced. Neither plaintiff nor defendant, however, seeks to enforce that contract. Plaintiff comes into court, alleging that part of the consideration for that contract was the agreement that the corporation would pay him a money consideration, to be fixed and determined at a subsequent date, and that it was subsequently fixed and determined at $5,000 a year, to continue so long as the plaintiff should live. There is no allegation whether the contract on which this action was based was made by the officers, directors, or stockholders of the corporation, or whether it was in writing. It is simply alleged that the defendant corporation and the plaintiff entered into the agreement. We therefore have, in effect, an allegation that the plaintiff agreed not to engage in any business competing with the defendant corporation for 10 years next after the severance of his employment with the defendant, and that in consideration therefor it agreed to pay him $5,000 for the rest of his life.

The question is whether this contract is enforceable. I suppose there is no objection to a corporation making a contract to pay another person a specified sum of money every year during his life. All contracts of annuities are of this character. I also suppose that there is no legal objection to a contract by which an officer of a corporation agrees for a sufficient consideration that he will not engage in any business competing with the business done by the corporation while he was employed by it, for a fixed term of 10 years after he severs his connection with it. We have in this complaint the simple allegation that these two contracts were made, the consideration for the promise in one contract being the promise in the other. There was no allegation in the complaint on which to base a determination that this contract was ultra vires, or was not made by the corporation, and the question, therefore, presented in the case of Beers v. N. Y. Life Ins. Co., 66 Hun, 75, 20 N. Y. Supp. 788, and in Carney v. N. Y. Life Ins. Co., 19 App. Div. 160, 45 N. Y. Supp. 1103, affirmed 162 N. Y. 453, 57 N. E. 78, 49 L. R. A. 471, 76 Am. St. Rep. 347, is not presented. I can see no reason, on the allegations of this complaint, for the court to declare the contract void as against public policy, or void as being ultra vires, or otherwise unenforceable.

It follows, therefore, that the judgment must be affirmed, with costs, but with leave to the defendant to withdraw the demurrer and to answer within 20 days upon payment of costs in this court and at the Special Term. All concur.