EUGENE ZAISS, Respondent, *v.* GEORGE C. HEIMERDINGER COMPANY, Appellant.

First Department, November 5, 1920.

Pleadings — manner of alleging performance of contract.

Performance of a contract by a plaintiff is not properly alleged by a mere statement that he " has performed the same fully and entirely complying with all the conditions on his part to be performed."

While the plaintiff need not plead the facts constituting performance he must allege generally that he has *duly* performed all the conditions of the contract on his part to be performed or, in the alternative, allege the facts constituting performance.

APPEAL by the defendant, George C. Heimerdinger Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of December, 1919, denying defendant's motion for judgment on the pleadings.

*Milton Mayer* of counsel [*Goodman Block* with him on the brief], for the appellant.

*Frederic S. Barnum*, for the respondent.

PER CURIAM:

While we agree with the Special Term that the contract sued upon was not within the Statute of Frauds (Pers. Prop. Law, § 31, subd. 1), we think the complaint was defective in failing properly to allege performance of the contract on the part of the plaintiff. The allegation is that " plaintiff * * * has performed the same fully and entirely complying with all the

conditions on his part to be performed." By section 533 of the Code of Civil Procedure it is made unnecessary to plead the facts constituting performance, but the party must- allege generally that he has *duly* performed all the conditions of the contract on his part to be performed. This word has been held to be one of substance and not of form. (*Clemens* v. *American Fire Ins. Co.*, 70 App. Div. 435; *Gansevoort Bank* v. *Empire State Surety Co.*, 117 id. 455; *Hilton & Dodge Lumber Co.* v. *Sizer & Co.*, 137 id. 661.)

For failure, therefore, either to allege the facts constituting performance or to comply with section 533 of the Code of Civil Procedure, the plaintiff's complaint is defective and the order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave, however, to the plaintiff to serve an amended complaint upon payment of said costs.

Present — CLARKE, P. J., LAUGHLIN, DOWLING, SMITH and GREENBAUM, JJ.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint on payment of said costs.