EDNA LINK, Plaintiff, v. O-So-WHITE, INC., Defendant.

Supreme Court, Rockland County, February 13, 1930.

McKercher & Link [Alton W. Teale of counsel], for the plaintiff.

Pearl H. Weinberger, for the defendant.

GEORGE H. TAYLOR, J. This complaint is upon a guaranty by the defendant of certain unpaid debts of other persons, and, while there is no allegation therein that the document or some

note or memorandum thereof was in writing, and otherwise, as required by subdivision 2 of section 31 of the Personal Property Law, such allegations are not essential in the complaint. (*Stover v. Gamewell Fire Alarm Telegraph Co.*, 164 App. Div. 155.) The defendant's contention is that the plaintiff's plea that the assignor of plaintiff "*fully* performed all of the provisions of said agreement on its part" is an insufficient plea of plaintiff's assignor's performance of a condition precedent. (See *Zaiss v. Heimerdinger Co.*, 193 App. Div. 671, and Rules of Civil Practice, rule 92.) In this case, however, what would be otherwise a defective plea by the plaintiff of such performance of a condition precedent to the latter's recovery (Rules Civ. Prac. rule 92) is a surplus allegation in the complaint, for the facts constituting the plaintiff's assignor's alleged performance are set forth therein. Therefore, I decide that the complaint states facts sufficient to constitute a cause of action, and deny the motion to dismiss it for alleged failure to state such facts, with ten dollars costs to the plaintiff to abide the event of the action. Settle order on notice.