### McKENZIE *v.* FOX *et al.*

(*Supreme Court, General Term, First Department.* January 24, 1890.)

1. PLEADING—MOTION TO MAKE CERTAIN AND DEFINITE.
   Where a complaint, after attempting to state various causes of action because of an alleged breach of covenants in a lease made by plaintiff to defendants, states that, for a fourth and separate cause of action, plaintiff alleges that by reason of the premises he has sustained special loss and damage, without reiterating or adopting any former allegation of the complaint, a motion to have this allegation made more definite and certain should be granted.

2. SAME—BILL OF PARTICULARS.
   Where the complaint alleges special damages for loss of rents on account of being prevented from renting the premises by reason of defendants' wrongful acts, but does not state whether plaintiff was prevented from renting the whole of the premises, or only a part, defendants are entitled to a bill of particulars.

Appeal from special term, New York county.

Action by Jane McKenzie, as executrix, etc., against Denis Fox and another, to recover damages for a breach of covenants in a lease. From an order denying a motion that the complaint be made more definite and certain, and for a bill of particulars, defendants appeal.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*George H. Pettit,* for appellants.    *Edward W. S. Johnston,* for respondent.

VAN BRUNT, P. J. The complaint, after attempting to state various causes of action because of the alleged breach of certain covenants contained in a lease made by the plaintiff to the defendants, contains this allegation: "*Ninth.* And for a fourth and separate cause of action the plaintiff alleges that by reason of the premises the plaintiff has sustained special loss and damage, in that she has been unable to let or demise the said premises from May 1, 1889, hitherto, and has lost the rental thereof for the current year from May 1, 1889, to her damage ten thousand ($10,000) dollars." The defendants sought to have this allegation made more definite and certain, and also to have a bill of particulars as to the items of damage. This motion was denied, and from this order this appeal is taken.

It is clear that the rules of pleading have been violated in the allegation referred to. Where several causes of action are united in one complaint, each must be complete in itself. The allegation in question is simply an allegation of damage. It in no manner adopts any of the former allegations of the complaint as the cause of action therein set forth, but simply states that by reason of the premises damage has been sustained. There is here no reiteration of the previous allegations of the complaint, which would go to constitute the cause of action upon which the damage alleged is predicated. The defendants were entitled to know because of what this alleged loss of rent was claimed to be due, and they therefore should have had this motion granted, so far as to compel the plaintiff to allege just for what the plaintiff contends she is entitled to damage.

The defendants were also entitled to a bill of particulars as to the amount of damage showing in detail the several amounts of rent lost, and the periods during which said loss is claimed to have accrued, and the portion of the premises which the plaintiff failed to rent because of the wrongful acts of the defendants. It is true that it is claimed that the whole of the premises were not rented, but the complaint does not so state, and the defendants are entitled to be informed explicitly upon this point. To this extent the motion should have been granted.

The orders appealed from should be reversed, with $10 costs and disbursements, and the motion granted to the extent stated in this opinion. All concur.