## PEOPLE v. KOSTER.

### (Supreme Court, Special Term, Delaware County. March 2, 1906.)

1. PENALTIES—ACTION—PLEADING PENAL STATUTES.

   Code Civ. Proc. § 530, providing that in pleading a private statute it is sufficient to designate the statute by year, title, and chapter, does not apply to an action for a penalty for the violation of a statute.

   [Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Penalties, § 27; vol. 44, Cent. Dig. Statutes, §§ 378–381.]

2. SAME—COMPLAINT—SUFFICIENCY.

   A complaint for the penalty incurred by a violation of Agricultural Law, Laws 1893, p. 660, c. 338, § 20, containing several provisions for the violation of which a penalty may be incurred, each provision containing different facts on which a penalty may be predicated, which states only a conclusion of law by referring to the section, without stating the facts, is bad on demurrer.

3. PLEADING—SEPARATE CAUSES—SEPARATE STATEMENT.

   Under Code Civ. Proc. § 481, subd. 2, providing that the complaint must contain a clear, concise, and unequivocal statement of the facts constituting each cause of action, each cause of action in a complaint must be stated separately and contain every allegation necessary to maintain that cause of action independently.

   [Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 113.]

4. ACTION—PENALTIES—JOINDER OF CAUSES OF ACTION.

   Code Civ. Proc. § 484, defining what causes of action may be joined, and declaring that causes of action for penalties incurred under the fisheries, game, and forest law may be united, does not authorize the joinder of causes of action for penalties for adulteration of milk in violation of Agricultural Law, Laws 1893, p. 655, c. 338.

5. PLEADING—JOINDER OF CAUSES OF ACTION—DEMURRER.

   A complaint uniting several causes of action for penalties for violations of Agricultural Law, Laws 1893, p. 655, c. 338, relating to adulteration of dairy products, improperly unites several independent causes of action, and is demurrable under Code Civ. Proc. § 488, subd. 7, authorizing a demurrer on the ground that causes of action have been improperly united.

Action by the people against Anton Koster. Heard on demurrer to complaint. Demurrer sustained.

A. L. Kellogg, for the People.

C. L. Andrus, for defendant.

FORBES, J. The demurrer to the plaintiff's complaint discloses two principal grounds: First, the complaint does not state facts sufficient to constitute a cause of action; second, that different causes of action for a penalty are improperly united in the complaint. The action is brought under sections 20, 22, and 37 of the agricultural law (Laws 1893, pp. 660, 661, 666, c. 338).

I think the complaint is seriously defective. It is probably claimed by the plaintiff that a reference to sections 20 and 22, with the assertion that the defendant was a dealer in milk and on a certain day adulterated, or caused, or permitted such adulteration to take place, and that he subsequently sold and delivered the same to certain parties in the city of New York, are sufficient averments to maintain the cause of action. It has been held that reference to a statute giving a penalty for its violation, for the purposes of the action, makes the complaint suf-

ficient in form. But those decisions will be found to have upheld this contention only where there is a single substantive fact, shown affirmatively, constituting a cause of action. Code Civ. Proc. § 530, does not here apply. Under section 20 of the agricultural law, there are seven different provisions by which, and for the violation of which, a penalty may be incurred. Each subdivision contains different facts upon which a penalty may be predicated.

The complaint, in the case at bar, states only a conclusion of law, without giving any fact upon which that conclusion is based; and is therefore defective as a complaint to recover a penalty for the violation of section 20 of the agricultural law. Ithaca Fire Dept. v. Rice (Third Dept.) 108 App. Div. 100, 95 N. Y. Supp. 464. In that case it was held:

"A person seeking to maintain an action for a statutory penalty must state every fact required to enable the court to judge whether he has a cause of action under the statute; in such an action the pleadings will be strictly construed."

See Commercial Bk. v. Rochester, 41 Barb. 341, affirmed in 41 N. Y. 619; Sheridan v. Jackson, 72 N. Y. 170; Wallace v. Jones, 182 N. Y. 37, 74 N. E. 576.

Under this complaint, the second and each succeeding cause of action is not complete in itself, since they do not repeat and do not make any reference to the essential facts set forth in the first cause of action. It is a well-established rule of pleading that each cause of action must be stated separately and shall contain every allegation which is necessary to maintain that cause of action independently. Code Civ. Proc. § 481, subd. 2. Therefore, upon the face of the complaint, it is clearly shown that no separate or independent cause of action has been properly set forth in the complaint.

It is claimed in the complaint that there are 110 violations of the agricultural law, and those violations are set forth in 62 different counts. The courts of this state have steadily refused to permit a recovery of but one penalty where the causes of action are alleged to have been incurred prior to the commencement of the action. Cox v. Paul et al., 175 N. Y. 328, 67 N. E. 586. It is there held: "A party suing for penalties can not recover for but one violation or one default prior to the commencement of the action." This decision is based upon the theory that the recoveries would otherwise be cumulative. In the opinion, O'Brien, J., cites the leading and subsequent cases, and clearly points out the reason why an action for cumulated penalties ought not to be sustained beyond the one cause of action. Section 484 of the Code of Civil Procedure contains the only provision for permitting a joinder of actions for penalties, and subdivision 10 only permits those actions for penalties to be joined where they are incurred "under the fisheries, game, and forest law." This provision clearly excludes recovery for cumulative penalties under the agricultural law. The closing paragraph of said section reads as follows:

"But it must appear, upon the face of the complaint, that all the causes of action, so united, belong to one of the foregoing subdivisions of this section."

The complaint is therefore demurrable as improperly uniting several independent causes of action.

Section 488, Code Civ. Proc. subd. 7, authorizes a demurrer to a complaint where one or more of the following objections appear upon the face thereof: "Subd. 7. That causes of action have been improperly united." The agricultural act has recently been construed by the Court of Appeals in People v. Bowen, 182 N. Y. 1, 74 N. E. 489, where the object of the law is plainly pointed out in the opinion by Judge Vann, reversing the same case in 97 App. Div. 642, 90 N. Y. Supp. 1108. The act is also held to be constitutional. The improper joinder of causes of action is discussed in Wallace v. Jones, 182 N. Y. 37, 74 N. E. 576. The Court of Appeals in that case reversed 92 App. Div. 613, 86 N. Y. Supp. 1149. The case arose in the Second judicial department.

The demurrer must therefore be sustained, and an interlocutory judgment in favor of the defendant may be entered, with costs.