(55 Misc. Rep. 400.)

### WALSH v. LISPENARD REALTY CO.

### SAME v. BERGEN REALTY CO.

(Supreme Court, Special Term. New York County. July, 1907.)

PLEADING—ANSWER—SEPARATE DEFENSES.

> Where defendant sets up separate defenses, each must be complete in itself, either by the express reaverment of other parts of the answer or by reference thereto.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 191.]

Action by James J. Walsh against the Lispenard Realty Company, and by the same plaintiff against the Bergen Realty Company. Demurrers to separate defense and counterclaim sustained.

William J. Carey, for plaintiff.
Andrew C. Troy, for defendants.

BISCHOFF, J. In each action, brought upon an assigned claim, based upon substantial performance of a contract for work and materials in the course of the erection of a building, a separate defense and counterclaim, so described, is interposed. I may assume that it was the defendant's intention to plead the fact that the plaintiff's assignor abandoned the contract in suit, thereby subjecting it to a loss measured by the expense of completion; but the new matter is so informally alleged as to render the statement insufficient in law. Without any expressed reaverment of other parts of the answer, and with no reference to any part of the complaint, this paragraph of the answer simply states that:

"The said Andrew B. Madden abandoned the said contract before its completion and never fulfilled the conditions agreed by him in the said contract to be performed."

The "said contract" refers to nothing, since, according to the settled rule, a statement of new matter in an answer must be complete in itself; and there is thus no allegation that a contract was made and broken, with a loss to the defendant. Later in this paragraph a writing is referred to and annexed to the pleading; but, with regard to this, the allegation is not that it was the contract of the parties, but simply that the work performed by the defendant was included in it.

Again, there is no statement of the essential fact that the defendant had performed all the conditions agreed to upon its part (Hudson River Power Co. v. United Traction Co., 98 App. Div. 568–575, 91 N. Y. Supp. 179), if this new matter was to constitute a counterclaim.

But, it is argued, the matter demurred to is sufficient as a separate defense, because it alleges the abandonment of the contract by the plaintiff's assignor and his failure to perform its conditions. This contention is subject to the same infirmity, for the contract is not identified by anything in the defense; and, if I adopt the defendants' ultimate argument that abandonment and nonperformance are provable under the general denial—hence, do not amount to "new matter" which may be considered the subject of a demurrable separate defense—the result would be simply that the characterization of the paragraph as a separate defense must fail of import, and the new matter be tested in its single aspect of a counterclaim. As such, it is insufficient, as I have noted, and, in any aspect, the demurrers must be sustained.

Demurrers sustained, with costs, with leave to defendants to amend within 20 days upon payment of costs in each case.