## PEOPLE v. LEWIS.

(Supreme Court, Appellate Division, Third Department.　March 10, 1909.)

ADULTERATION (§ 7*)—PENALTIES AND ACTIONS THEREFOR—COMPLAINT.

Laws 1893, p. 655, c. 338, § 164, as amended by Laws 1903, p. 1191, c. 524, provides that no person within the state shall manufacture, sell, offer, or expose for sale any article of food which is "adulterated or misbranded within the meaning of this act." Section 165, as amended by Laws 1903, p. 1191, c. 524, and by Laws 1905, p. 140, c. 100, defines adulterated or misbranded foods. A complaint in an action to recover the penalty for adulterating or misbranding an article of food alleged that defendant at a time and place specified, exposed and offered for sale and sold an article of food adulterated and misbranded, in violation of, etc., "in that the said defendant did then and there expose for sale, offer for sale, and sell a certain substance or compound as and for lard which was not in fact lard, and was an imitation of lard and an adulterated and misbranded article of food," within the statute. *Held*, that the complaint was sufficient, though it did not negative a number of exceptions or provisos contained in the law defining adulterated and misbranded foods; the exceptions or provisos having no relation to the facts alleged in the complaint as a violation of the law.

[Ed. Note.—For other cases, see Adulteration, Dec. Dig. § 7.*]

Appeal from Special Term, Rensselaer County.

Action by the People of the State of New York against Joseph Lewis for the statutory penalty for selling adulterated and misbranded food products. Judgment for defendant, and the People appeal. Reversed.

Argued before CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Michael D. Nolan, for the People.
H. P. Humphrey, for respondent.

CHESTER, J. At the opening of the trial the defendant's counsel moved for a dismissal of the complaint on the ground that it did not state a cause of action. The motion was granted, and from the judgment of dismissal the plaintiff appeals.

The material portion of the complaint that is brought in question is as follows:

"Upon information and belief that the defendant on or about March 7, 1907, at his place of business in the city of Troy, N. Y., did expose for sale, offer for sale, and sell an article of food adulterated and misbranded within the meaning of and in violation of sections 164 and 165 of article 11 of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

agricultural law, as enacted by chapter 524 of the Laws of 1903, and amended by chapter 100 of the Laws of 1905, in that the said defendant did then and there expose for sale, offer for sale, and sell a certain substance or compound as and for lard, which was not in fact lard, and was an imitation of lard, and an adulterated and misbranded article of food, within the provisions of the aforesaid sections."

Section 164 of the agricultural law (Laws 1893, p. 655, c. 338), added thereto by Laws 1903, p. 1191, c. 524, provides in part as follows:

"No person or persons, firm, association or corporation shall within this' state manufacture, produce, sell, offer or expose for sale any article of food which is adulterated or misbranded within the meaning of this act."

Section 165 of the agricultural law, referred to in the complaint, was added thereto by Laws 1903, p. 1191, c. 524, and amended by Laws 1905, p. 140, c. 100, and defines what constitutes adulterated or misbranded foods. The plaintiff by its prayer for relief asks to recover a single penalty of $100.

Under Code Civ. Proc. § 481, the complaint must contain a plain and concise statement of the facts constituting a cause of action. The complaint in question contains a reference to the sections of the law which the pleader claims were violated, and charges that the defendant at a time and place stated· exposed and offered for sale and sold a compound as lard which was not lard, but was an imitation of it, and was an adulterated and misbranded article of food, within the provisions of the law. This, upon the face of it, would appear to be a sufficient statement of the facts to bring it within the condemnation of the statute.

The case of People v. Koster, 50 Misc. Rep. 46, 97 N. Y. Supp. 829, cited by the respondent, is not an authority to condemn this complaint, but rather supports it. The complaint there was condemned because it stated only a conclusion of law, without giving the facts upon which that conclusion was based.

The respondent also urges that the complaint is defective because it does not negative a number of exceptions or provisos contained in said section 165 of the agricultural law, defining adulterated and misbranded foods. But the exceptions or provisos mentioned in that section really have no relation to the facts alleged in this complaint constituting a violation; and the section nowhere contains an exception or proviso making it lawful to sell a compound as lard when it is not in fact lard, but an imitation of it. The allegation in question here contains within itself a sufficient negative that the compound alleged to have been sold was not labeled to show what it in fact was.

We think the complaint was adequate to apprise the defendant of the exact charge against him under the statute, and states facts sufficient to constitute a cause of action, and that it should not have been dismissed.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.