WRIGHT v. LARKIN et al.

(Supreme Court, Special Term, Erie County.　September 7, 1915.)

1. ACTION ☞48—JOINDER OF CAUSES OF ACTION—STATUTE.

Under Code Civ. Proc. § 484, allowing two or more causes of action to be united in the same complaint, where they are brought to recover upon contract, express or implied, and are not inconsistent with each other, and do not require a different venue, a cause of action to recover upon a contract to perform labor and furnish materials might be joined with one for furnishing materials, and others growing out of the performance of the contract.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 450, 471, 490–510; Dec. Dig. ☞48.]

2. PLEADING ☞52—SEPARATE CAUSES OF ACTION—STATUTES.

Under Code Civ. Proc. § 483, requiring a complaint setting forth two or more causes of action to state separately and number the facts constituting each cause of action, and section 481, requiring separate and distinct causes of action to each have a plain and concise statement of facts constituting the cause of action, each separate and numbered cause of action must have within itself the necessary allegation of fact to constitute a cause of action, entirely independent of every other alleged cause of action in the complaint; and hence a complaint alleging a right to recover for work done and materials furnished under a contract, and for other causes of action, alleging only that "during the performance of said contract" plaintiff furnished material of certain value, for which defendants agreed to pay, and for which nothing had been paid, was demurrable, except as to the first cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 113; Dec. Dig. ☞52.]

3. CONTRACTS ☞335—PLEADING—CONDITIONS PRECEDENT—STATUTE.

Under Code Civ. Proc. § 533, providing that, in pleading the performance of a condition precedent in a contract, it is not necessary to state the facts constituting performance, but that the party may state generally that he duly performed all the conditions on his part, which, if controverted, requires him to establish performance, a complaint alleging that plaintiff entered into a contract in writing, made a part thereof, and "under and pursuant to said contract performed work and furnished material of a certain agreed value," and "had performed all the conditions of said contract on his part," seeking to recover such amount, and the 10 per cent. reserve fund withheld during the performance of said contract, without alleging performance of the conditions precedent to the payment of the reserve contract price, was insufficient.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1664–1676; Dec. Dig. ☞335.]

Action by Josiah P. Wright against Hubert E. Larkin and another. On demurrer of defendant Larkin to complaint.　Sustained.

Crangle & Cochrane, of Buffalo (Simon Fleischmann, of Buffalo, of counsel), for plaintiff.

David Tice, of Lockport, for defendant.

WOODWARD, J.　The complaint alleges that:

"At all the times hereinafter mentioned the defendant Hubert E. Larkin and one Alexander Sangster were copartners, engaged in the contracting busi-

ness at Lockport, N. Y., under the name of Larkin & Sangster, until the death of said Alexander Sangster, prior to the commencement of this action, and that the defendant Hubert E. Larkin is now the surviving partner of said firm.

"(2) That on or about April 15, 1911, the plaintiff and said Hubert E. Larkin and Alexander Sangster entered into a contract in writing, a copy of which is hereto annexed, marked 'Schedule A,' and made à part of this complaint.

"(3) That the plaintiff, under and pursuant to said contract, between the date of said contract and December 31, 1913, performed work, labor, and services, and furnished materials, for said firm of Larkin & Sangster, of the reasonable value of $30,326.81, which was the agreed price thereof.

"(4) That plaintiff has performed all the conditions of said contract on his part; but that no part of said sum has been paid, except the sum of $28,-332.16, paid thereon between January 3, 1912, and November 24, 1913."

Following the above allegations, under the Roman numerals II, the pleader continues:

"For a second cause of action herein plaintiff alleges:

"(5) That during his performance of said contract plaintiff furnished to defendant Hubert E. Larkin and said Alexander Sangster materials, consisting of lumber and other materials, of the value of $485.31, which amount said Larkin & Sangster agreed to pay therefor.

"(6) That no part of said sum has been paid."

In the above manner the pleader sets forth four other alleged causes of action growing out of the performance of the contract, and then alleges:

"(19) That on or about May 2, 1914, the plaintiff executed and delivered to the defendant Hubert E. Larkin, individually, a paper purporting to be an assignment of any moneys plaintiff might collect upon his cause of action herein, to the extent of $2,500 thereof, and plaintiff is informed and believes that said defendant Hubert E. Larkin, individually, claims an interest in said plaintiff's causes of action to the extent of said sum of $2,500.

"(20) That on February 27, 1912, and June 27, 1914, plaintiff executed and delivered to defendant the People's Bank of Buffalo two papers, purporting to be assignments of plaintiff's causes of action herein, as security for certain moneys then due said defendant the People's Bank of Buffalo from plaintiff, and plaintiff is informed and believes that defendant the People's Bank of Buffalo claims an interest under said alleged assignments in plaintiff's causes of action herein."

Following these allegations, containing the only suggestions of an equitable nature, the complaint demands judgment against the defendant Hubert E. Larkin, as surviving partner of himself and Alexander Sangster, deceased, in the sum of $13,904.01, together with interest and costs, and that the rights of the defendants Hubert E. Larkin, individually, and the People's Bank of Buffalo, to said causes of action, or the proceeds thereof, be determined as their interests may appear.

The defendant Hubert E. Larkin, individually, appears and demurs to the complaint generally on the ground that it does not state facts sufficient to constitute a cause of action. He likewise demurs to each of the five further alleged causes of action, after the first one, on the same ground, and further to the complaint generally on the ground that there is a defect of parties plaintiff, and that causes of action are improperly united. Having reached the conclusion that the complaint

fails to state facts sufficient to constitute a cause of action, it will not be necessary to consider the latter questions.

[1, 2] It must be entirely clear that the complaint attempts to set out six separate causes of action, all of them growing out of the performance of one contract. They are such causes of action as may be joined in the same complaint, undoubtedly, under the provisions of section 484 of the Code of Civil Procedure, and as to such actions the statute provides that:

"The statement of the facts constituting each cause of action must be separate and numbered." Section 483, Code of Civil Procedure.

Being separate and distinct causes of action, each one of them must have "a plain and concise statement of, the facts" constituting the cause of action, without unnecessary repetition. Section 481, Code of Civil Procedure. That is, each cause of action, which is to be separated and numbered, must have within itself the necessary allegation of fact to constitute a cause of action, entirely independent of every other alleged cause of action in the complaint. McKenzie v. Fox, 8 N. Y. Supp. 460;[1] Walsh v. Lispenard Realty Co., 55 Misc. Rep. 400, 106 N. Y. Supp. 570; Wallace v. Jones, 68 App. Div. 192, 74 N. Y. Supp. 116; Bigelow v. Drummond, 98 App. Div. 506, 90 N. Y. Supp. 913; People v. Koster, 50 Misc. Rep. 46, 48, 97 N. Y. Supp. 829, 830. In the case last above cited the court says:

"It is a well-established rule of pleading that each cause of action must be stated separately and shall contain every allegation which is necessary to maintain that cause of action independently."

While this may be done by a reference to matters contained in definite paragraphs of the complaint (Bigelow v. Drummond, supra), a good cause of action cannot be made out by simply alleging matters which, if connected with other allegations, might be made to spell out a cause of action. This is a fixed rule of pleading, necessary to the orderly administration of the law, and may not be disregarded.

"It seems impossible to treat the complaint as containing a single cause of action. By its express allegations it contains several; and if it be true that the separation of them was not in all cases necessary, yet as to some portions it certainly was, and the plaintiff ought not to be heard now to urge his own inaccuracy in making the separation as a ground for defeating a demurrer which adopts and follows its own division and classifications." Victory Webb Printing Co. v. Beecher, 26 Hun, 48, 50.

The effort being made to plead six distinct causes of action, as in the case last above quoted, it follows that the demurrer to the complaint generally need not be considered, except in connection with the first cause of action. The complaint is not of a general equitable nature, but seeks to recover on distinct actions at law, with an effort to involve equitable considerations as to the last alleged cause of action. None of the alleged causes of action after the first one make any effort to incorporate within them the essential facts pleaded in the alleged first cause of action, and it follows, therefore, that they

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 55 Hun, 608.

do not state facts sufficient to constitute the several causes of action attempted to be set up.

[3] We come, therefore, to the consideration of the first cause of action, regarding that as having relation to the demand for judgment, and as covered by the demurrer to the complaint as a whole. The first cause of action, after alleging the acts of the partnership and that the defendant is the surviving partner, avers the entering into a contract in writing, which is made a part of the complaint, and that the plaintiff, "under and pursuant to said contract," performed work, labor, and services, and furnished materials, of the reasonable value of $30,326.81, which was the agreed price thereof, and that "plaintiff has performed all the conditions of said contract on his part." This alleged cause of action seeks to recover the 10 per cent. reserve fund withheld during the performance of the contract, and, the contract being made a part of the complaint, all of the allegations in reference thereto must be understood to refer to the same. We find by the contract:

That the plaintiff contracts "to do all necessary work, and supply all labor, tools, and appliances, for the removal of the existing bridges" on certain streets in Lockport and the "erection of the bridges called for by contract No. 67"; that the plaintiff agrees "to take from the cars f. o. b. Lockport all the material to be used in the bridges," and to care for the same and "place it in position as shown on plans"; that "all of the above work to be done in accordance with the plans and specifications furnished by the state engineer for the carrying out of contract No. 67, section 10 of the Barge Canal, so far as they cover or relate to same"; that the work is to "be executed to the satisfaction of the state engineer."

In fact, the contract is replete with things to be performed by the plaintiff as a condition precedent to the payment of the final 10 per cent. of the contract price; but the complaint fails either to allege the due performance of these conditions, or to allege specifically the performance of each one of them, and this is fatal to the statement of a cause of action under the contract made a part of this complaint. Section 533 of the Code of Civil Procedure provides that:

In "pleading the performance of a condition precedent in a contract, it is not necessary to state the facts constituting performance; but the party may state, generally, that he, or the person whom he represents, duly performed all the conditions on his part. If that allegation is controverted, he must, on the trial, establish performance."

And it has been held that the omission of the word "duly" constituted a failure to comply with the section quoted, and that the plaintiff was not entitled to any benefit thereunder. Clemens v. American Fire Insurance Co., 70 App. Div. 435, 437, 75 N. Y. Supp. 484, and authorities there cited; Williams v. Fire Association of Philadelphia, 119 App. Div. 573, 104 N. Y. Supp. 100; Feuerstein v. German Union Fire Insurance Co., 141 App. Div. 456, 126 N. Y. Supp. 201; Rosenthal v. Rubin, 148 App. Div. 44, 48, 132 N. Y. Supp. 1053; Marcus Contracting Co. v. Weinbros Real Estate Co., 162 App. Div. 495, 147 N. Y. Supp. 576. This rule seems technical, but it is the condition on which the plaintiff is permitted to avoid the other rule, which requires a plain and concise statement of the facts, and the plaintiff

must either allege that he has "duly performed the conditions of the contract, or else set out specifically that [he] did employ salesmen, provide them with the necessary equipment for traveling, pay their expenses, and advertise defendant's goods." Rosenthal v. Rubin, 148 App. Div. 44, 48, 132 N. Y. Supp. 1053, 1055; Marcus Contracting Co. v. Weinbros Real Estate Co., supra.

The demurrer is sustained, with costs to the defendant Larkin.