(118 N. W. 226.)

---

STATE, EX REL. FRANCIS COOPER ET AL v. ALFRED BLAISDELL, SECRETARY OF STATE.

Opinion filed November 18, 1908.

**Elections — Certification of Nomination by Secretary of State — Nature of Duty.**

    1. In the performance of his duties as secretary of state, in certifying the names of candidates for state offices to the different county auditors for printing upon the ballot to be used at the general election, the secretary acts in a ministerial capacity; and, when certificates of nomination filed with him are legal in form, it

is not any part of his duty to examine into the facts recited in such certificates to ascertain their truth or falsity.

**Elections — Certificates of Nomination — Effect as Evidence.**

2. Certificates of nomination filed with the secretary of state, legal in form, are prima facie evidence of the facts which they recite.

**Elections — Certificates of Nomination — Verification — Necessity.**

3. Certificates of nomination, provided for by section 501, Rev. Codes 1899, need not be verified.

**Elections — Certificates of Nomination — Statement of Party or Principles Represented.**

4. A certificate of nomination, to which are affixed the requisite number of signatures, nominating a person as a candidate of the Socialist party for a state office, in other respects conforming to law, is a valid certificate, and entitles the party nominated to have his name placed in the column provided for individual nominations on the Australian ballot for use at the general election.

**Elections — Certificates of Nomination — Statement of Party or Principles Represented.**

5. While authorities are not in harmony as to what principles constitute the principles of Socialism, their main tenets are sufficiently understood and agreed upon, so the word "Socialist" may be used to designate a political party.

Original application by the state, on relation of Francis Cooper and others, for a writ of mandamus against Alfred Blaisdell, as Secretary of State.

Writ granted.

*Le Seuer, Bradford & Hurley,* for relators.
*R. N. Stevens,* Assistant Attorney General, for defendant.

SPALDING, J. Application by the state, on the relation of Francis Cooper and others, for a writ of mandamus against Alfred Blaisdell, as secretary of state, directing him, as such official, to certify the relator's names to the several county auditors of the state for printing on the official ballot to be used at the general election in 1908, as candidates for offices, respectively, as follows: Francis Cooper and E. D. Herring, for representatives in Congress; L. F. Dow, for Governor; Valdomar Gram, for Lieutenant Governor; A. G. Brastrop, for Judge of the Supreme Court; Odin Stampro, for Secretary of State; M. Brumwell, for State Auditor; E. J. Moore, for State Treasurer; A. E. Bowen, for

Superintendent of Public Instruction; Samuel Lane, for Commissioner of Insurance; Arthur Le Sueur, for Attorney General; M. Vlasek, for Commissioner of Agriculture and Labor; M. C. Wartenbe, F. W. Umbreit, and Herb Carruthers, for Commissioners of Railroads. The application was argued orally, and no briefs have been submitted. The relators waived objection to the writer participating in the decision of this case, on account of his disqualification by reason of the fact that one of the relators is a candidate for the same office held by the writer, and for which he is also a candidate at this time. The application sets forth the filing with the secretary of state of a petition in form and manner as provided by section 501, Revised Codes 1899, which petition, it is alleged, duly and legally nominated the relators for the respective offices mentioned, as candidates of the Socialist party, and that the secretary of state, without cause or excuse, has failed to certify the names of such nominees for printing upon the official ballot. It also alleges that the petition contains the names of over 500 duly qualified electors of this state who had taken no part in the nominations made at the primary election, and had signed no nomination papers for other candidates for the same offices. To this petition the secretary of state made a return, denying on information and belief all the material allegations, and attempting to put in issue specifically the allegation that the required number of qualified electors, who had not participated in any manner in the nomination of candidates for the same offices, had signed the certificate. The return also sets out the attitude of the secretary of state in the matter, and his reasons for refusing to certify to the county auditors the names of the relators. Other allegations of the petition were denied, but the issues so made were not pressed on argument.

The certificate filed by the relators, or, as they term it, "the petition," complies in form with the provisions of section 501, Revised Codes 1899. That section contains provisions whereby a candidate may be placed in nomination by individual voters, without the action of a party, through either the primary or the convention system prevalent when said section was enacted, the names of such candidates to be printed in the column for individual nominations on the Australian ballot. Section 34, page 164, chapter 109, Laws 1907, known as the "Primay Election Law," reads: "Nothing herein contained shall be construed as repealing or being

in conflict with section 501 of the Revised Codes of 1905." On argument it was conceded that such reference should be to section 501 of the Revised Codes of 1899, and we shall assume that it relates to that section, and leaves it in full force and effect.

The official duties of the secretary of state, with reference to certificates of nomination made in the manner referred to, are purely ministerial. When a certificate in form complying with the law is presented to him within the proper time, it is his duty to place the same on file in his office, where it remains subject to the inspection of candidates and the public. The secretary is an impartial official, and in his capacity as such cannot take sides, and certify to the county auditors the names contained on one petition and refuse to certify those on another petition or certificate valid upon its face. If other candidates or any qualified portion of the public desire to question the genuineness of the signatures, or the qualifications of the signers, they have a right to do so, and the right to test the legality of nominations devolves on them, and not upon the Secretary of State. The certificate is prima facie evidence of the facts which it recites, and if the Secretary of State were permitted to assume judicial duties, which he must do if he can go behind the facts recited, it would be possible for him to work great injustice and hardhsip to candidates, and render it in most cases impracticable, if not wholly impossible, for candidates to prove the genuineness of all signatures, or that the requisite number of signers were duly qualified to make nominations. We refrain from any extended discussion upon this question because it has been passed upon in state ex rel. Plain v. Falley, 8 N. D. 90, 76 N. W. 996, and we think that the reasons given by this court in that case are conclusive. See, also, State v. Benton, 13 Mont. 306, 34 Pac. 301.

The Secretary further objects that the certificate of nomination is not verified. Reference to the law itself discloses that no verification is required.

It is also alleged that the certificate or petition does not state, in not more than five words, the party or principle represented by the candidates, and that the principles of Socialism have not been agreed upon with sufficient uniformity to give any definite meaning to the words "Socialist Party" when used to designate a political party. The certificate in question represents that the candidates named are nominated as candidates of the Socialist party. This

·certainly comes within the limits of the law in question, by defining in not more than five words the party represented by candidates. While authorities differ as to what constitute the governing principles of Socalism, we think their main tenets are sufficiently well known so the word "Socialist" may be used to designate a political party. In fact it has so been used for some years. The same objection may be entered to the use of the word "Republican" or "Democrat," as not all persons fully agree as to the controlling principles of either of those parties. It cannot be expected that any politically accepted definition will always be mathematically accurate or uniform. We are of the opinion that the certificate in this case is not open to the objection made. It is not sought to place the candidates in a column headed "Socialist," where they can be voted for by making a cross at the head of the column, and no contention is made that a sufficient number of votes was cast for candidates of that party at the last general election, to entitle it to have its candidates now appear in a party column where they can be voted for by making one mark. Hence we are not called upon to pass upon the party per cent. feature of the law.

We are of the opinion that the Secretary of State erred in failing to certify the names of the candidates to the county auditors for the offices named.

The writ will issue. All concur.