STATE ex rel. McNULTY, Plaintiff, v. GLASNER, Secretary of State, Defendant.

(145 N. W. 547.)

**Elections—Primary Election—Certification of Candidates—Secretary of State—Ministerial Power—Qualifications of Candidates— "Richards Primary."**

Laws 1911, Ch. 201, known as the Richards Primary, provides, in Sec. 61, that the filing of a "committee proposal," or "individual candidate proposal petition" within the time and in the manner and form provided in the act, together with the declaration of the candidate, shall be sufficient to require that his name be printed on the primary ballot, and that no other condition shall be imposed. **Held,** that the Secretary of State, in certifying the names of proposed candidates to the several county auditors, acts in a ministerial capacity only, with no judicial or quasi judicial power to inquire into or determine the facts recited in the certificate of such proposal committee, to ascertain their truth or falsity, or to determine whether such certificates are constitutional or not, and hence that officer was not authorized to refuse to certify a proposed candidate for congress on the ground that he was disqualified, in that he was the duly elected and acting judge of the circuit court.

(Opinion filed February 14, 1914.)

Original proceeding in mandamus by the State, on the relation of Frank McNulty, against Frank Glasner, Secretary of State. Writ granted.

*Frank McNulty,* Plaintiff pro se.

*Frank Glasner,* Respondent pro se.

PER CURIAM.    The relator has instituted this original action in manduamus to compel defendant, as Secretary of State to certify the name of relator as a proposed candidate for Congress to be voted for at the primary election March 24, 1914. It is alleged that relator is a member of the Republican party; that his name has been regularly certified, as a proposed candidate for Congress for the Second congressional district of this state, by the regularly and duly constituted minority proposal committee of the Republican party; that relator has duly signed and filed in the office of the Secretary of State the declaration of a candidate required by law; that all things required to be done, either by the proposal committee, or members thereof, and by relator, to entitle his name to be certified, as a proposed candidate for Congress, to the several county auditors of said district, have been done and performed in strict conformity with law; that defendant, as such Secretary of State, has refused and will refuse to certify and transmit to said county auditors the name of relator as a proposed candidate for Congress to be voted for at said primary.

Defendant by his return to the alternative writ admits the regularity of the form of certificate of the minority proposal committee, proposing and certifying the name of relator as such proposed candidate; but defendant contends that, as it appears from the petition of relator that he was elected judge of the circuit court at the general election of 1910, and that relator is at present still acting as such judge, and has tendered his resignation to take effect on the 1st day of February, 1914, relator is ineligible and disqualified, under the Constitution of this state, to hold, or to be voted for, as a candidate for said office in that all votes cast by said proposal committee for relator were void and of no effect, and that said committee could not legally propose the name of relator as a candidate for such office.    In the performance of his duties, the Secretary of State, in certifying the names of the proposed candidates to the several county auditors, acts only in a ministerial capacity, and, when such a certificate is presented to him in due form of law, he has no judicial or quasi judicial power to inquire into or determine the facts recited in the certificate of such proposal committee to ascertain their truth or falsity or to determine whether such certificates are constitutional or not.    State v. Blaisdell, 17

N. D. 575, 118 N. W. 225; 8 Cyc. 789; Hall v. People, 90 N. Y. 498; State v. Heard, 47 La. Ann. 1679, 18 South. 746, 47 L. R. A. 512; Council v. County, 33 Colo. 1, 77 Pac. 858; Ellingham v. Dye, 178 Ind. 336, 99 N. E. 1. Section 61, c. 201, Laws 1911 (Richard's Primary), provides that: "The filing of a 'committee proposal' or 'individual candidate proposal petition' within the time and in the manner and form provided in this act, together with the declaration of the candidate, shall be sufficient to require that his name be printed upon the primary ballot. No other condition shall be imposed." *No other condition shall be imposed.* It appears that the provisions of this section have been complied with, and, when the "proposal" is in the manner and form prescribed, the Secretary of State has no other alternative, no other power or duty, than that, of causing the name to be printed on the primary ballot.

Hence we are of the view that defendant, as Secretary of State, should certify the name of relator as such proposal candidate, and it is so ordered. The sole and only question before this court relates to the question of the *certifying* of the name of the relator as such proposed candidate.