STATE ex rel. SCHIFERL, Respondent, v. WEDERATH, et al., Appellants.

(185 N. W. 370.)

(File No. 4956.    Opinion filed November 22, 1921.)

1.  Schools—Abandonment of Independent District, Election For—
    Certification of Result, Mandamus to Enforce—Defense That
    Law Not In Force, Futility Of.

In mandamus to compel officers of an independent consolidated school district to certify the result of an election held to vote upon question of abandonment of the district, the board's defence that the act in question (Chap. 202, Laws 1921) was not in force at time of petition and election, notwithstanding the emergency clause attached thereto, it untenable; following State ex rel McNulty v. Glasner, 33 S. D. 241.

2.    **Same—Case Where Question Involved Law Authorizing Board to Act, Distinguished.**

The instant case, is not one where question was whether there was a law authorizing school board to act dependent on whether the act challenged was or not in effect; since, this board being directed by Chap. 171 Laws 1919, to act in this kind of proceeding, their duty of certification did not depend on time of taking effect of Chap. 202, Laws 1921.

3.    **Same—School Board as Ministerial Officers, Question Involving Discretion of Trial Judge, Not Decided.**

No opinion is expressed herein whether Court should interfere with sound discretion of trial court in granting or denying mandamus to a ministerial officer if peculiar circumstances semed to warrant determination of an extraneous question, where irreparable injury could not result from the determination.

McCoy, J., not sitting.

Appeal from Circuit Court, Lyman County. Hon. N. D. BURCH. Judge.

Proceeding in mandamus by the State of South Dakota, on the relation of M. Schiferl, against F. C. Wederath and others, as Members of the Board of Education of Presho Independent Consolidated School District No. 31, of Lyman County, South Dakota, and Frank L. Brooks and another, to compel defendants to certify the result of an election held in said district to vote upon the question of abandonment of the district. From a judgment granting the writ, defendants appeal. Affirmed.

*Frank C. Wederath,* and *Bartine & Bartine,* for Appellants.
*Brown & Brown,* for Respondent.

GATES, J. In May, 1921, a petition was filed pursuant to chapter 202, Laws 1921, asking that an election be called to vote upon the question of abandonment of Presho independent consolidated school district No. 31 of Lyman county which had been created more than one year previous to the filing of the petition and in which no buildings had been erected or purchased nor bonds issued. At the election held in June, 1921, a majority of

all of the electors voted in favor of abandonment of the consolidated district. The officers of the district refused to certify the result of the election. This proceeding in mandamus was begun to compel such certification. From the judgment granting a writ of mandamus compelling the officers of the district to certify the result of the election they have appealed.

Appellants urge that the election was unlawful because they say that, upon the authority of Hodges v. Snyder, 43 S. D. 166, 178 N. W. 575, chapter 202, Laws 1921, was not in force at the time of the petition and election, notwithstanding the emergency clause attached to said act.                                    ,

Respondent urges that the duty of defendants sought to be enforced in this proceeding is purely a ministerial duty, and that defendants may not defend upon the ground of the unconstitutionality of the emergency clause.

[1] This case is in all respects similar in principle to State ex rel. McNulty, v. Glasner, 33 S. D. 241, 145 N. W. 547, where the Secretary of State attempted to justify his refusal to certify the name of relator as a candidate for election to Congress upon the ground that relator was circuit judge, and therefore ineligible to hold the office of member of Congress under the provision of S. D. Const., art. 5, § 35. Without passing upon the constitutional question, this court granted the writ of mandamus.

[2] This is not the case where the question was whether or not there was a law authorizing the school board to act, dependent upon whether the particular act challenged was or was not in effect. The board being directed to act in this kind of proceeding by chapter 171, Laws 1919, their duty of certification did not depend upon the time of taking effect of chapter 202, Laws 1921. If the act of 1921 was not in force, their duty arose under the act of 1919. If the act of 1921 was in force, it required the certification.

[3] We express no opinion whether we should be justified in interfering with the sound discretion of a trial court in granting or denying mandamus to a ministerial officer if the peculiar circumstances of the case seemed to warrant the determination of an extraneous question, where such determination could not result in irreparable injury.

Upon the authority of State ex rel. McNulty v. Glasner, supra, without considering the constitutional question, we affirm the judgment.

McCOY, J., not sitting.