SCHALLER et al, Respondents, v. ERICSON, Treasurer of Clay County, Appellant.

(207 N. W. 459.)

(File No. 5489.   Opinion filed February 24, 1926.)

**Mandamus—Drains—County Treasurer May Be Compelled to File Assessment List, Presented by Commissioners of Another County for Improvements to Drainage Ditch Lying Within Both Counties (Rev. Code 1919, Sec. 8477).**

Treasurer of county, in which portion of drainage ditch is located, may be compelled to perform strictly ministerial duty, under Rev. Code 1919, Sec. 8477, of filing certified copy of assessment list, presented by the board of commissioners, of another county, in which portion of ditch lies, to meet the expenses of cleaning out and keeping open ditch.

Appeal from Circuit Court, Clay County; Hon. R. B. Tripp, Judge.

Proceeding by L. W. Schaller and others, as the Board of Commissioners of Yankton County, against P. J. Ericson, as Treasurer of Clay County, for writ of mandamus. Judgment granting writ, and defendant appeals. Affirmed.

*O. C. Barton,* State's Attorney, *Payne, Olson & Barton,* and *Gunderson & Gunderson,* all of Vermillion, for Appellant.

*French, Orvis & French,* of Yankton, for Respondents.

Appellant cited: Haggard v. Alton, 29 S. D. 509, 137 N. W. 372; Bailey v. Sioux Falls, 26 S. D. 118, 132 N. W. 703; Hanscome v. City of Omaha, 11 Neb. 37, 7 N. W. 739; Nugent v. Erb, 90 Mich. 278, 51 N. W. 282; Supervisors v. Supervisor, 94 Mich. 396, 54 N. W. 169.

Respondent cited: People v. Halsey, 53 Barb. 547; Waldron v. Lee, 5 Pick. 323; State v. Mitchell (N. D.), 139 N. W. 572.

MORIARTY, C. This is a proceeding in which the county commissioners of Yankton county, S. D., sued for a writ of mandamus to require the defendant, P. J. Ericson, as the county treasurer of Clay county, to file in his office a certain certified copy of an assessment list delivered to him by the county auditor of said Yankton county and to proceed to collect and enforce the assessments made therein.

Upon the trial of the case in the circuit court all the facts were stipulated and there is no dispute except on questions of law. The facts, as so stipulated, are as follows:

The plaintiffs are the members of the board of county commissioners of Yankton county. and the defendant is the county treasurer of Clay county. A drainage district known as the Clay creek drainage district was established in the year 1907 by the boards of county commissioners of said Clay and Yankton counties, and a ditch within said district, crossing portions of each of said counties and known as the Clay creek ditch, was constructed by the co-operation of said two boards, and was completed in the year 1910. The drainage district so established, and the lands benefited by said drainage, include more than 3,000 acres in each of said counties. On April 6, 1921, certain persons owning land within that portion of the said drainage district lying in

Yankton county presented to the Yankton county board a petition praying that said board cause the portions of said Clay creek ditch lying within said Yankton county to be cleaned out, restored to its original depth, and kept open.  Thereafter said Yankton county board inspected the said ditch, and by a resolution adopted April 28, 1921, declared that it was necessary to open, clean out, and restore to its original depth and cross section and keep open that portion of said ditch situated in said Yankton county, and that said work should be done.  Thereafter the said board, pursuant to said resolution, entered into contracts for the doing of said work and at the time of the trial of this action the work was practically completed.  On January 5, 1923, the said Yankton county board made an assessment against each tract of land in said Clay creek drainage district for the purpose of paying the cost of doing the aforesaid work.  Said assessment was assessed against said tracts in the proportions originally determined for such drainage.

On February 6, 1923, the county auditor of said Yankton county caused to be delivered to and left with the defendant, P. J. Ericson, at his office as treasurer of Clay county, a certified copy of said assessment list, and requested the said defendant, as such treasurer, to file the same in his said office.  Thereafter and on the 9th day of February, 1923, the said defendant returned by mail the aforesaid copy to the county auditor, and in a letter accompanying said copy stated, in substance, that he was returning the said assessment roll, without having filed the same for the reason that he had been advised that such assessment was not legal and could not be a valid tax against the property described in said list.  And said defendant at all times declined and refused to file the said list, or to receive, collect, or enforce the payment of the assessments set forth therein.

The respondents, as members of the board of county commissioners of Yankton county, brought this proceedings for a writ of mandamus requiring the appellant to file the said assessment list and proceed to collect the assessments levied against the lands situated in Clay county and described in said list.

After a trial the circuit court made findings of fact, in which it adopted the stipulation of facts signed by counsel for the respective parties.  On these findings the trial court based conclu-

sions of law in favor of respondents, entered judgment accordingly, and granted the writ of mandamus. From this action of the trial court this appeal is taken.

In their assignments of error appellant's counsel seek to question the authority of the respondents ,acting as the board of county commissioners of Yankton county ,to make the expenditures for which the assessments were levied. Appellant is not in a position to raise those questions in this case. The facts as stipulated show that the ditch involved is a drain situated in two counties and within the provisions of section 8477 of the Revised Code. This section confers upon the board of each county the right to make expenditures for repairing, cleaning out, and keeping open that part of the ditch lying within such county, to assess lands in each of the counties, to meet such expenditures, and to cause copies of the assessment list to be filed in the office of the treasurer of each county. When the list was presented to appellant for filing, his duties were strictly ministerial, and he had no right to question the authority of the respondents to make the assessments.

The instant case is controlled by the decision in State ex rel McNulty v. Glasner, 145 N. W. 547, 33 S. D. 241.

The judgment appealed from is affirmed.

Note.—Reported in 207 N. W. 459. See, Headnote, American Key-Numbered Digest, Mandamus, Key-No. 117, 38 C. J. Secs. 259, 441.